## APPEAL OF OLD '76 DISTILLING CO.

Docket No. 1262.   Submitted May 25, 1925.   Decided April 20, 1926.

On the facts stated, *held*, that the taxpayer did not sustain a deductible loss in the taxable year in question.

*Laurence A. Baker* and *Thomas R. Rutter, Esqs.*, for the taxpayer
*A. R. Marrs, Esq.*, for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

This is an appeal from the determination of a deficiency of $59,425.78 in income and profits taxes for 1917. The controversy arises out of the disallowance of a deduction from gross income of an alleged loss of $172,715.54.

### FINDINGS OF FACT.

During 1917 the taxpayer was a Kentucky corporation, with its principal office and plant on Licking Pike, Newport, and was engaged in the manufacture of whisky. It was dissolved in 1920.

It was a close corporation, the stock being owned principally by three families, each of whom had a representative on the board of directors. The three representatives were in active charge and management of the business.

As of December 31, 1917, the total cost of the buildings, machinery, equipment, etc., was $390,006.42. This amount was charged off, either around the end of 1917 or at the beginning of 1918, but before

the closing of the books for 1917, and as of December 31. At the same time, an estimated salvage value of $120,000 was set up on the books. Against the cost there was a depreciation reserve of $99,610. The sum of the last two items, subtracted from the total cost, leaves a balance of $170,396.42, which is the amount now claimed by the taxpayer as a deduction.

During 1917 the stockholders felt it was desirable to discontinue the business owing to the spread of prohibition sentiment and to the enactment of adverse State and local laws. On September 10, 1917, the Federal Food Control Act went into effect. This Act prohibited the use of food materials in the production of distilled spirits for beverage purposes during the period of the war, and necessitated the suspension of the manufacture of whisky by the taxpayer in that month. The stockholders and directors then decided definitely to retire from the distillery business.

Prior to the enactment of the Food Control Act, the officers consulted experienced engineers and builders to ascertain if it were possible to adapt the plant to some other use. This could not be done economically, and, except as a distillery, its only value was as scrap. After the passage of the Federal Food Control Act on August 10, 1917, the directors sought actively to find a purchaser of the plant, but were unsuccessful until, in June, 1918, they sold it for $60,000.

OPINION.

MORRIS: The question involved in this appeal is whether the taxpayer is entitled to deduct as a loss in the year 1917 the difference between the depreciated cost of certain tangible assets used in the manufacture of whisky and their salvage value. There is no question of obsolescence, as the revenue acts prior to that of 1918 did not provide for such a deduction. Section 12 (a) (2) of the Revenue Act of 1916 (unamended by the Revenue Act of 1917), provides for the deduction of "all losses actually sustained and charged off within the year and not compensated by insurance or otherwise." A loss "actually sustained" connotes a completed transaction. There was no sale of the assets in the taxable year in question. If any allowable loss was sustained, therefore, it must be based upon the fact that the directors prior to the close of the taxable year definitely decided to retire from the distillery business by reason of adverse State and local laws, the passage of the Federal Food Control Act, which suspended business during the period of the war, and the fact that the plant could not be economically converted to any other use, and, except as a distillery, its only value was as scrap.

There is no question but that the plant was an efficient operating unit prior to the cessation of business and that its machinery and

other facilities performed the services for which they were acquired until the effective date of the Federal Food Control Act. That Act was purely a temporary measure designed to be operative only during the period of the war. We are unable to agree that the temporary restriction against the manufacture of whisky destroyed the value of the assets as a distillery and reduced them to scrap value. We are therefore of the opinion that a loss was not actually sustained by the taxpayer in the year in question, but in the following year, when the assets were sold.

*The deficiency is $59,425.78.    Order will be entered accordingly.*