*1347 OPINION.
Mokeis :
The question involved in this appeal is whether the taxpayer is entitled to deduct as a loss in the year 1917 the difference between the depreciated cost of certain tangible assets used in the manufacture of whisky and their salvage value. There is no question of obsolescence, as the revenue acts prior to that of 1918 did 'not provide for such a deduction. Section 12 (a) (2) of the Revenue Act of 1916 (unamended by the Revenue Act of 1917), provides for the deduction of “ all losses actually sustained and charged off within the year and not compensated by insurance or otherwise.” A loss “actually sustained” connotes a completed transaction. There was no sale of the assets in the taxable year in question. If any allowable loss was sustained, therefore, it must be based upon the fact that the directors prior to the close of the taxable year definitely decided to retire from the distillery business by reason of adverse State and local laws, the passage of the Federal Food Control Act, which suspended business during the period of the war, and the fact that the plant could not be economically converted to any’- other use, and, except as a distillery, its only value was as scrap.
There is no question but that the plant was an efficient operating unit prior to the cessation of business and that its machinery and *1348 other facilities performed the services for which they were acquired until the effective date of the Federal Food Control Act. That Act was purely a temporary measure designed to be operative only during the period of the war. We are unable to agree that the temporary restriction against the manufacture of whisky destroyed the value of the assets as a distillery and reduced them to scrap value. We are therefore of the opinion that a loss was not actually sustained by the taxpayer in the year in question, but in the following year, when the assets were sold.

The deficiency is $S9fi.25.78. Order will be entered accordingly.