*1265 OPINION.
MoRRis:
The issue presented by this proceeding is whether petitioner is entitled, as a matter of statutory right, to deductions from the income of the years under consideration for obsolescence of intangibles alleged to-have been destroyed by prohibition legislation. *1266 The question has already been decided adversely to the petitioner; and the determination of the respondent must be approved. Red Wing Malting Co. v. Willcuts, 15 Fed. (2d) 626; Appeal of Manhattan Brewing Co., 6 B. T. A. 952; Appeal of Olt Bros. Brewing Co., 6 B. T. A. 974; Appeal of Standard Brewing Co., 6 B. T. A. 980; Appeal of Star Brewing Co., 7 B. T. A. 377; and Frederick C. Renziehausen v. Commissioner, 8 B. T. A. 87.
In a supplemental brief, petitioner presents the alternative proposition that it is entitled, under the provisions of section 234 (a) (4) of the Revenue Act of 1918, to deduct from income the loss, based on March 1, 1913, value, arising out of the destruction of its intangibles by prohibition legislation; although it contends that the loss should be spread over the years 1918 and 1919 in conformity with the same principle which would apply in the case of obsolescence. It is difficult to apprehend that the claimed deductions may be brought within the provisions of the statute upon which the petitioner relies. They provide for the deduction of only such losses as are “sustained during the taxable year”; and surely the facts do not support a finding that petitioner has sustained such a loss as to bring it within those provisions. A loss is sustained, within the meaning of the statute, only when it is a realized loss and is evidenced by a completed and closed transaction, Appeal of A. J. Schwarzler, 3 B. T. A. 535; Appeal of Old ’76 Distilling Co., 3 B. T. A. 1346; and A. H. Fell v. Commissioner, 7 B. T. A. 263; and until the investment is converted into terms of money by sale or other disposition, or its worthlessness otherwise demonstrated, there is neither loss nor gain and income is neither greater nor less. Marigold Garden Co. v. Commissioner, 6 B. T. A. 368. Petitioner continued in business after the advent of prohibition; and its good will continued as an inseparable part of the business. There could be no loss in respect of the good will until the business is terminated by sale or other disposition, and neither of those events occurred within the taxable years in question. Cf. Frederick C. Renziehausen v. Commissioner, supra. It is literally true that prohibition wholly destroyed the predominating and most lucrative feature of its business; and that after the advent of prohibition it carried on with a mere remnant of its former business, in new marts of trade. But the most favorable view to the taxpayer to be had in these circumstances is that the March 1, 1913, value of its good will was greatly diminished by prohibitory legislation; but a loss of this character is not within the statute.
It is useless to argue the equities of a case in which a taxpayer’s business has been destroyed, either in whole or in part, by legislation. There are no equities save those that are founded upon the taxing statutes. Diminishing values, unrealized until converted into terms of *1267 money, are an ever present and necessary evil in our complex economic structure. Nothing of value, whether tangible or intangible, is immune to fluctuations in market values. The particular cause is of no importance whatever; and losses in value resulting from the acts of the sovereign have no preferred standing under the taxing statutes. As was said in Marigold Garden Co. v. Commissioner, supra—
In considering the principle, the particular cause of the claimed loss matters little, if at all. Uselessness to a taxpayer does not determine a deductible loss any more when attributable to a statutory prohibition than when attributable to any other extraneous cause over which the owner has no control.
Out of the whole value of the good will at March 1,1913, petitioner asks us to carve a lesser estate as assignable to the liquor business, and permit the deduction thereof as a loss in the years under consideration. This we may not do for reasons already stated; and even if we were to conclude, which we do not, that a part of the good will was severable from the whole and attached to the liquor business, there are no facts before us from which we could determine the value of that part. Cf. Appeal of Acme, Palmers & DeMooy Foundry Co., 3 B. T. A. 1126.
It is quite possible that certain of petitioner’s trade-marks and trade-brands, which were used exclusively in the liquor business, became obsolete with the advent of prohibition; but, as in the case of the good will, there are no facts before us from which we could determine whether or not the petitioner sustained a loss in respect of those assets.
Finally, if it were possible to hold that petitioner had sustained a loss in respect' of its intangible assets, as the result of prohibitory legislation, which could be deducted from income for the purposes of the tax, such loss would necessarily be based upon cost or March 1, 1913, value, whichever is lower; and as there are no facts before us from which we could determine the cost of these intangibles, we would have been unable to find that petitioner actually suffered a loss.

Judgment will be entered for the Commissioner.

Considered by TRAmmell, Murdock, and Sieekin.