BUCKEYE PRODUCING CO., SUCCESSORS TO THE BUCKEYE BREWING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8779    Promulgated March 21, 1928.

*George Roscoe Davis, Esq.,* and *H. Kennedy McCook, Esq.,* for the petitioner.

*Benton Barker, Esq.,* for the respondent.

## OPINION.

SIEFKIN: This proceeding raises questions as to the failure of the respondent to allow, as deductions from income for 1918, an alleged obsolescence or loss in 1918 and 1919 in useful value of: (1) Bottles and cases in the amount of $85,389.26; (2) small cooperage in the amount of $18,031.85; and (3) loss of good will in the amount of $15,561.59, due to legislation in the State of Ohio prohibiting the manufacture and sale of intoxicating liquors. The year 1918 is considered because the return of the petitioner for 1919 showed a net loss, the amount of which, as applied against 1918 income, is in question and affects the deficiency for 1918.

The evidence shows that in December, 1918, the petitioner set up on its books a lump sum of $640,412.73, not itemized, as a reserve for depreciation for that year, including a blanket charge covering the extraordinary loss through the adoption of . prohibition in Ohio.

Due to Federal regulations for the conservation of food the petitioner did not manufacture beer after December, 1918. On May 27, 1919, the State of Ohio prohibited the manufacture and sale of beer, and the petitioner thereafter manufactured near beer instead of beer.

Due to prohibition in Michigan, the petitioner's shipping trade to that State discontinued in 1918, and petitioner sustained a loss on bottles, cases, and cooperage through failure of customers of that State to return them.

No inventories were taken in 1918 or 1919, but the petitioner offered in evidence inventories of bottles and cases and cooperage as of December 31, 1919, as calculated from inventories taken as of December 31, 1923, and October 10, 1925. These inventories were taken upon the basis of the cost of the last items purchased.

1. The petitioner calculated the losses on bottles and cases as being $84,257.45. This calculation included actual physical losses and also losses on quart bottles due to obsolescence caused by prohibition legislation and the losses due to each cause are not segregated. Obsolescence is allowed by section 234 (a) (7) of the Revenue Act of 1918, and is prorated over the period of obsolescence. *Konrad Schreier Co.*, 9 B. T. A. 407. A deduction for the physical loss of property is allowed by section 234 (a) (4) of this Act but only in the year in which it is sustained.

The petitioner alleges a loss on bottles and cases in the amount of $85,389.26, due to obsolescence or loss in useful value, while the evidence adduced is to the effect that a loss of $84,257.45 was sustained by actual physical loss and also obsolescence, but it is not shown over what period the obsolescence took place or, conversely, that a portion of the obsolescence was not sustained other than in the years in question.

Since the amount attributable to each cause is not shown we may not allow any deduction under either provision of the Act with regard to bottles and cases, and the determination of the respondent is approved.

2. The petitioner calculated the loss on small cooperage as follows:

Physical inventory as of Dec. 31, 1923_____ $1, 458. 25
Add sales from Jan. 1, 1919, to Dec. 31, 1923_____ 2, 332. 92

    Total_____ 3, 791. 17
Deduct purchases from Jan. 1, 1919 to Dec. 31, 1923_____ 1, 199. 41

Balance, representing inventory Jan. 1, 1919_____ 2, 591. 76

It is shown that the balance in the asset account for small cooperage January 1, 1919, was $34,909.01. There is subtracted from this the accumulated depreciation in the amount of $12,655.59, leaving a net book value of $22,243.51. Then, deducting the inven-

tory as calculated for January 1, 1919, amounting to $2,591.76, leaves $19,651.75. Deducting $1,745.45, the depreciation allowed for the year 1919 by the respondent leaves a loss not allowed by the respondent, of $17,906.30.

There is no evidence that there was any loss on small cooperage due to obsolescence caused by prohibition legislation, and it is clear that no deduction can be allowed under section 234 (a) (7) of the Revenue Act of 1918.

The respondent contends that the use of such a calculated inventory is improper because it is based upon the cost of reproduction at a later date instead of the actual cost or the fair market value at the close of the taxable year involved, and because it would reflect physical losses in taxable years subsequent to the obsolescence period as well as the taxable years here involved.

The inventory of small cooperage as of January 1, 1919, was arrived at by adding actual sales during the period January 1, 1919, to December 31, 1923, to the physical inventory of December 31, 1923, and by deducting therefrom the actual purchases during the same period. However, during that period there must have been some loss and by the method employed by the petitioner this is not taken into account, and if this method were adopted by us we would thereby allow losses for the years in controversy which really occurred in subsequent years. This is not allowed under section 234 (a) (4) of the Revenue Act of 1918. We must hold that the petitioner has failed to show the amount of any loss sustained during 1918 and 1919 on small cooperage.

3. The petitioner confines the basis for determining the loss of good will to the actual cost thereof. In 1885 the petitioner purchased the assets of a partnership which was engaged in the brewing business. The good will was purchased for $15,561.59, and it was testified that its value at the time prohibition took effect in Ohio was considerably more than that figure.

Petitioner relies upon section 234 (a) of the Revenue Act of 1918, which provides in part:

That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions * * * (4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.

In *Appeal of Morand Brothers*, 8 B. T. A. 1262, the petitioner claimed that it was entitled, under the provisions of section 234 (a) (4) of the Revenue Act of 1918, to deduct from income the loss on intangibles due to prohibition legislation. In that case we stated:

* * * It is difficult to apprehend that the claimed deductions may be brought within the provisions of the statute upon which the petitioner relies. They provide for the deduction of only such losses as are "sustained during the taxable year"; and surely the facts do not support a finding that peti-

tioner has sustained such a loss as to bring it within those provisions. A loss is sustained, within the meaning of the statute, only when it is a realized loss and is evidenced by a completed and closed transaction, *Appeal of A. J. Schwarzler*, 3 B. T. A. 535; *Appeal of Old '76 Distilling Co.*, 3 B. T. A. 1346; and *A. H. Fell v. Commissioner*, 7 B. T. A. 263; and until the investment is converted into terms of money by sale or other disposition, or its worthlessness otherwise demonstrated, there is neither loss nor gain and income is neither greater nor less. *Marigold Garden Co. v. Commissioner*, 6 B. T. A. 368. Petitioner continued in business after the advent of prohibition; and its good will continued as an inseparable part of the business. There could be no loss in respect of the good will until the business is terminated by sale or other disposition, and neither of these events occurred within the taxable years in question. Cf. *Frederick C. Renziehausen v. Commissioner, supra.* It is literally true that prohibition wholly destroyed the predominating and most lucrative feature of its business; and that after the advent of prohibition it carried on with a mere remnant of its former business, in new marts of trade. But the most favorable view to the taxpayer to be had in these circumstances is that the March 1, 1913, value of its good will was greatly diminished by prohibitory legislation; but a loss of this character is not within the statute.

It is useless to argue the equities of a case in which a taxpayer's business has been destroyed, either in whole or in part, by legislation. There are no equities save those that are founded upon the taxing statutes. Diminishing values, unrealized until converted into terms of money, are an ever present and necessary evil in our complex economic structure. Nothing of value, whether tangible or intangible, is immune to fluctuations in market values. The particular cause is of no importance whatever; and losses in value resulting from the acts of the sovereign have no preferred standing under the taxing statutes.

In the instant proceeding the petitioner continued in business after prohibition became effective, and no sale or other disposition of the business was made. The decision in the cited case is controlling and we hold that no deduction for loss of good will is allowable.

*Judgment will be entered for the respondent.*